Harry Rosenthal, Appellant, *v.* New York Rapid Transit Corporation, Respondent.

Supreme Court, Appellate Term, First Department, February 12, 1925.

Railroads — injury at station — plaintiff slipped on elevated railroad platform as he was about to board defendant's train — weather conditions required application of some substance upon wet and slippery platform — plaintiff made out prima facie cause of action for negligence — error to dismiss complaint.

Plaintiff made out a *prima facie* cause of action for negligence and it was error to dismiss his complaint, in an action for damages suffered as the result of slipping upon defendant's elevated railroad platform, where it appears from the evidence that the weather conditions were such as required the application of some substance to reduce the wet and slippery condition of defendant's platform, since defendant was under a duty and had ample opportunity to put the platform in a reasonably safe condition.

Appeal by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, dismissing the complaint at the close of plaintiff's case, after a trial before a judge and jury.

*Joel I. Schweitzer,* for the appellant.

*George D. Yoemans* [*Robert A. Kelly* of counsel], for the respondent.

Per Curiam:

Plaintiff sued for damages sustained as a result of slipping upon an elevated railroad platform owned and controlled by defendant. His complaint has been dismissed, at the close of his case, on the ground that no negligence has been shown. With this interpretation of the evidence we do not agree.

Plaintiff testified that it had snowed on the previous afternoon from four o'clock until he went to bed; that it was not snowing when he arose but that it was cold. He traveled about Brooklyn all morning and does not remember that there was snow upon the

ground. He had put on rubbers when he left the house and was wearing them at the time of the accident. It was cold and misty, but he does not know whether it was freezing. When the train came in at the elevated platform it stopped a little distance from where he was standing and he hurried to reach it before it started. He went faster than his usual walk, but was not running. As he came opposite a gate he slipped and fell, sustaining rather serious injuries. There were no ashes, sawdust or salt on the platform, and it was wet and slippery.

In our opinion, with the condition of the weather such as is thus described, the defendant company was under a duty and had ample opportunity to protect the platform by the application of some substance to reduce its slipperiness; consequently plaintiff has made out a *prima facie* cause of action.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MULLAN and COTILLO, JJ.